IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LORAINE GARRITY                                                 PLAINTIFF

v.                  CIVIL NO. 16-5032

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                               DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Lorraine Garrity, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her current application for SSI on February 17, 2011, alleging an inability due to cluster clots in the lungs, Graves disease, a blood disorder, and

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

panic attacks. (Doc. 10, pp. 206, 238). An administrative video hearing was held on May 1, 2012, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 58-77).

In a written decision dated June 14, 2012, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Doc. 10, pp. 83-92). Plaintiff requested review of the unfavorable decision by the Appeals Council. (Doc. 10, pp. 288-290). On September 5, 2013, the Appeals Council entered an order remanding the case back to the ALJ. (Doc. 10, pp. 96-99). A supplemental administrative video hearing was held on March 4, 2014. (Doc. 10, pp. 38-57).

By written decision dated July 21, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10, p. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: panic disorder with agoraphobia, depressive disorder NOS, chronic pleuritic chest pain from remote pulmonary embolism, fibromyalgia, morbid obesity, and hypothyroidism. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is able to perform work that is limited to simple, routine and repetitive tasks, involving only simply, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors and the general public.

(Doc. 10, p. 22). With the help of a vocational expert, the ALJ determined that Plaintiff could perform work as a price marker, and a plastics molding machine tender. (Doc. 10, p. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 7, 2015. (Doc. 10, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.

3

Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ failed to find Plaintiff's irritable bowel syndrome a severe impairment; 2) the ALJ failed to properly assess Plaintiff's RFC by failing to consider Plaintiff's need for supplemental oxygen; 3) the ALJ's RFC is conclusory and does not contain a function-by-function assessment as required by SSR 96-8p;

4

and 4) the ALJ failed to proffer a hypothetical question to the vocational expert that precisely described Plaintiff's impairments.[2]

### A. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments during the time period in question, the ALJ stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

5

whether any such impairment, if considered separately, would be of sufficient severity"). After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### B. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the time period in question Plaintiff completed a Function Report indicating that she had no energy and was basically unable to take care of her personal needs adequately and was too weak to get out of bed most days. However, a review of the record failed to reveal that Plaintiff reported this extreme lack of energy or inability to perform activities of daily living to her treating physicians. The record revealed that Plaintiff went to Colorado to help with a family business in August of 2012, and while Plaintiff testified that

6

she was sent home by her family because she was unable to work, Plaintiff was not examined by a physician again until April of 2013 after returning to Arkansas. The record revealed that in October of 2013, Plaintiff was reminded of the importance of physical activity and Plaintiff agreed to walk daily. (Doc. 10, p. 429). It is noteworthy that at times Plaintiff indicated that she was unable to perform activities of daily living because she had no energy; however, at other times Plaintiff indicated that she was unable to perform activities of daily living because she was "panicky."

Plaintiff argues that the ALJ did not properly address Plaintiff's daily use of oxygen. A review of the record revealed very little discussion of Plaintiff's use of oxygen. Treatment notes from Plaintiff's treating physician, Dr. John L. Furlow, failed to indicate that Plaintiff was using oxygen daily, and Dr. Furlow repeatedly found Plaintiff had clear lungs upon examination. (Doc. 10, pp, 331, 332, 377, 379, 380, 382, 383, 392, 409, 438). Plaintiff reported to Dr. Chester Lawrence Carlson at her March 25, 2014, consultative general physical examination, that she used oxygen at night. (Doc. 10, pp. 467-471). Upon examination of Plaintiff, Dr. Carlson found Plaintiff had normal breath sounds and opined that Plaintiff had no physical limitations. Plaintiff was also examined by Dr. Karas on March 25, 2014. (Doc. 10, 474-479). Dr. Karas also noted normal respiratory functioning and opined that Plaintiff had mild limitations with walking, carrying and lifting.

With regard to Plaintiff's alleged mental impairments, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

With respect to Plaintiff's alleged physical impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). It is noteworthy that at times Plaintiff denied experiencing joint pains, joint swelling, arthralgias or myalgias; and was also found to have a normal musculoskeletal overview on numerous occasions. (Doc. 10, pp. 371, 422, 428, 438, 445). Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.     ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"[A] treating source's opinion is not inherently entitled to controlling weight." Myers v. Colvin, 721 F.3d 521, 525 (8th Cir. 2013). A treating physician's opinion "is entitled to controlling weight only to the extent it is consistent with medically acceptable clinical or laboratory diagnostic data." Casey v. Astrue, 503 F.3d 687, 692 (8th Cir. 2007). "It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." Prosch v. Apfel, 201 F.3d 1010, 1014–15 (8th Cir.2000). "When an ALJ discounts a treating physician's opinion, he should give good reasons for doing so." Brown v. Astrue, 611 F.3d 941, 951–52 (8th Cir.2010) (citation omitted).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations during the time period in question. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Furlow. On May 21, 2012, Dr. Furlow completed a Medical Source Statement

opining that Plaintiff was able to perform less than sedentary work. (Doc. 10, p. 386). After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Furlow. The ALJ declined to give controlling weight to Dr. Furlow's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion."). The ALJ also took Plaintiff's obesity into account when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a price marker, and a plastics molding machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 5th day of July 2017.

/s/   *Erin L. Wiedemann*
      HON. ERIN L. WIEDEMANN
      UNITED STATES MAGISTRATE JUDGE